## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| T. ROWE PRICE GROWTH STOCK FUND, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, and TANYA CARRO, <br><br> Defendants. | Civil Action No. 16-CV-5034-MAS-LHG <br><br> *Oral Argument Requested* <br> (Document Electronically Filed) <br><br> Motion Day: September 5, 2017 |
| EQUITY TRUSTEES LIMITED AS RESPONSIBLE ENTITY FOR T. ROWE PRICE GLOBAL EQUITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, and TANYA CARRO, <br><br> Defendants. | Civil Action No. 16-CV-6127-MAS-LHG <br><br> (*pro hac vice* motion pending) |

| | |
|---|---|
| PRINCIPAL FUNDS, INC. and PRINCIPAL VARIABLE CONTRACTS FUNDS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, and TANYA CARRO, <br><br> Defendants. | Civil Action No. 16-CV-6128-MAS-LHG |
| BLOOMBERGSEN PARTNERS FUND LP and BLOOMBERGSEN MASTER FUND LP, <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, and TANYA CARRO, <br><br> Defendants. | Civil Action No. 16-CV-7212-MAS-LHG |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JORN'S OMNIBUS MOTION TO DISMISS PLAINTIFFS' COMPLAINTS

**SCHULTE ROTH & ZABEL LLP**
Barry A. Bohrer (admitted *pro hac vice*)*
Michael L. Yaeger (admitted *pro hac vice*)*
Cara David

919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000

*Attorneys for Defendant Deborah Jorn*

**TABLE OF CONTENTS**

**Page**

FACTUAL BACKGROUND..................................................................................................2

LEGAL STANDARD.........................................................................................................3

ARGUMENT....................................................................................................................4

      Plaintiffs' Allegations of Scienter Are Clearly Deficient as to Jorn ..................................4

CONCLUSION.................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*In re Advanta Corp. Sec. Litig.*,
   180 F.3d 525 (3d Cir. 1999) ...................................................................5

*Bartesch v. Cook*,
   941 F. Supp. 2d 501 (D. Del. 2013) .......................................................5

*Belmont v. MB Inv. Partners, Inc.*,
   708 F.3d 470 (3d Cir. 2013) ...................................................................4

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) ...................................................................5

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*,
   713 F. Supp. 2d 378 (D. Del. 2010), *aff'd*,
   442 F. App'x 672 (3d Cir. 2011) ............................................................5

*In re Columbia Labs., Inc. Sec. Litig.*,
   602 F. App'x 80 (3d Cir. 2015) ..............................................................4

*In re Hertz Glob. Holdings, Inc. Sec. Litig.*,
   No. 13-7050, 2017 WL 1536223 (D.N.J. Apr. 27, 2017) ......................6

*In re Merck & Co., Sec., Derivative & "ERISA" Litig.*,
   MDL No. 1658 (SRC), Civ. Action Nos. 05-1151 (SRC), 05-2367 (SRC),
   2011 WL 3444199 (D.N.J. Aug. 8, 2011) ..........................................4, 6

*In re Merck and Co., Inc. Securities, Derivative & "ERISA" Litig.*,
   MDL No. 1658 (SRC), Civ. Action Nos. 05–1151 (SRC), 05–2367(SRC),
   2012 WL 3779309 (D.N.J. Aug. 29, 2012) ...........................................5

*Messner v. United States Techs., Inc.*,
   No. 15-5427, 2016 WL 1466543 (E.D. Pa. Apr. 13, 2016)....................6

*In re Par Pharm. Sec. Litig.*,
   No. 06-cv-3226 (PGS), 2008 WL 2559362 (D.N.J. June 24, 2008).......4

*Rahman v. Kid Brands, Inc.*,
   736 F.3d 237 (3d Cir. 2013) ..........................................................3, 4, 6

*Ret. Sys. v. Horizon Lines, Inc.*,
   713 F. Supp. 2d 378 (D. Del. 2010) .......................................................5

*Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
   No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016)........7

ii

*Winer Family Trust v. Queen*,
    503 F.3d 319 (3d Cir. 2007) ..........................................................................4

**Statutes**

Securities Exchange Act of 1934 § 10(b),
    15 U.S.C. § 78j(b) .................................................................................1, 2, 3

Private Securities Litigation Reform Act of 1995
    15 U.S.C. § 78u-4 ......................................................................................1, 4

**Rules & Regulations**

Fed. R. Civ. P. 9(b) ............................................................................................1, 5

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1

Rule 10b-5 of Securities & Exchange Commission,
    17 C.F.R. § 240.10b-5 ..............................................................................2, 3

Defendant Deborah Jorn respectfully submits this memorandum in support of her motion to dismiss four actions, *T. Rowe Price Growth Stock Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 16-CV-5034-MAS-LHG; *Equity Trustees Limited, et al. v. Valeant Pharmaceuticals International, Inc.*, No. 16-CV-6127-MAS-LHG ("Equity Trustees"); *Principal Funds Inc., et al. v. Valeant Pharmaceuticals International, Inc.*, No. 16-CV-6128-MAS-LHG; and *BloombergSen Partners Fund LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 16-CV-7212-MAS-LHG (collectively, the "Actions"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  In addition, Jorn joins in, adopts, and incorporates herein the arguments in the Omnibus Memorandum of Law in Support of Valeant, Robert Rosiello, and Ari S. Kellen's Partial Motions to Dismiss Plaintiffs' Complaints, dated June 15, 2017, filed by counsel for Valeant Pharmaceuticals International, Inc. ("Valeant"), *et al.* related to purchases Plaintiffs in the Actions made after October 30, 2015.

## PRELIMINARY STATEMENT

The four Actions largely repeat the allegations in the securities class action currently pending before the Court (the "Class Action").  Like the Class Action complaint, the complaints in the Actions assert a Section 10(b) claim against Deborah Jorn for a few statements on a single conference call.  Like the Class Action complaint, the Actions' complaints each mention Jorn in only a handful of paragraphs.  Moreover, while the Class Action allegations regarding Jorn's scienter were inadequate, the complaints here allege even less.  Jorn currently has a Motion for Reconsideration pending in the Class Action, and for the reasons that Jorn continues to believe the Class Action should be dismissed, Jorn also believes that the Actions should be dismissed.

## FACTUAL BACKGROUND

The plaintiffs in the Actions are sophisticated investors who, combined, made over 2,400 purchases of Valeant securities between January 2013 and August 2016.

Jorn joined Valeant after the start of the Class Period, in August 2013, when her then-employer, Bausch & Lomb, was acquired by Valeant.  (Equity Trustees ¶ 38.[1])  For a portion of the Class Period, Jorn was general manager of Valeant's U.S. dermatology business, Valeant Executive Vice President, and Company Group Chairman.  (Equity Trustees ¶ 38.)  She left Valeant on March 2, 2016.  (Equity Trustees ¶¶ 38; 414.)  The Company announced at the time that her departure was due to "personal reasons" and was not the result of any action taken by the Board of Directors.  (*See*  Ex. 44 to the Declaration of Robert J. Giuffra, Jr. in support of Defendants' Motion to Dismiss the Consolidated Complaint, ECF No. 167, Ex. 9.)

The Actions name Jorn as one of many defendants.  (Equity Trustees ¶¶ 34-40.)  The complaints label Jorn as one of the "Executive Defendants," but Jorn in each is mentioned by name in only seven paragraphs. (Equity Trustees ¶¶ 14, 38, 41, 185, 256, 377, 414.)

Count One of each of the Actions, a claim for violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, is asserted against the Executive Defendants.  That is the only count applicable to Jorn.  The count is rooted in allegedly false and misleading statements (some of which are snippets of sentences) that Jorn allegedly made during a single investor meeting and conference call on May 28, 2014.  (*See* Equity Trustees ¶ 185.)

---

[1]   For ease of reference, citations to Plaintiffs' allegations throughout generally refer only to the Equity Trustees Complaint.  Unless otherwise noted, the Complaints in the three other actions contain the same allegations, but possibly in different paragraphs.

On September 13, 2016, Jorn filed a Motion to Dismiss Count One of the Class Action as to her.[2] (ECF No. 169.) In the Motion to Dismiss, Jorn argued that (i) plaintiffs did not plead any facts that would permit an inference of scienter as against Jorn; and (ii) did not adequately explain how Jorn's statements were materially false or misleading. Other defendants filed motions to dismiss as well.[3] On April 28, 2016, the Court issued the Opinion denying all of defendants' motions to dismiss with regard to the Class Action plaintiffs' claims brought under the Exchange Act.

On May 12, 2017, Jorn filed a Motion for Reconsideration of the Court's Opinion. (ECF No. 220.) That Motion was based on the Court's failure to individually analyze Jorn's scienter in the Opinion. Jorn's Motion for Reconsideration is currently pending before this Court.

## LEGAL STANDARD

When alleging a cause of action for securities fraud, Plaintiffs must "satisfy the heightened scienter pleading standard required by the Private Securities Litigation Reform Act." *Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 240 (3d Cir. 2013). To state a cause of action under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder (collectively "Section 10(b)"), Plaintiffs must, among other things, plead with particularity that Jorn "made a misstatement or an omission of a material fact with scienter." *Id.* at 242 (citation and quotation omitted). "To sufficiently plead scienter, the complaint must state with particularity the facts constituting the alleged violation and giving rise to a 'strong inference' that the defendants. . . intended to deceive, manipulate, or defraud." *In re Columbia*

---

[2]   Jorn will not repeat her arguments related to whether she made a materially false or misleading statement, as the related allegations in the complaints for the Actions are the same as in the complaint for the Class Action, and the Court found those allegations sufficient in its April 28, 2017 Memorandum Opinion (the "Opinion").

[3]   Jorn's briefings in support of her Motion to Dismiss the Class Action incorporated arguments made in Valeant's Motion to Dismiss briefings, ECF Nos. 167, 196.

*Labs., Inc.*, 602 F. App'x 80, 82 (3d Cir. 2015); 15 U.S.C. § 78u-4(b)(2)(A).  At a minimum, a plaintiff must plead that a defendant acted recklessly, which is marked not by "simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 493 (3d Cir. 2013).  Plaintiffs have failed to meet their burden.

## ARGUMENT

**Plaintiffs' Allegations of Scienter Are Clearly Deficient as to Jorn**

Rather than address Jorn directly, Plaintiffs primarily attempt to carry their burden by including Jorn in a group of Company officers that it labels the "Executive Defendants" and then making general allegations about the group.  Such blatant group pleading of scienter does not suffice in the Third Circuit.  *See, e.g.*, *Winer Family Trust v. Queen*, 503 F.3d 319, 337 n.6 (3d Cir. 2007) (group pleading cannot be used to infer scienter); *In re Merck & Co., Sec., Derivative & "ERISA" Litig.*, MDL No. 1658 (SRC), Civ. Action Nos. 05-1151 (SRC), 05-2367 (SRC), 2011 WL 3444199, *19, 28 (D.N.J. Aug. 8, 2011) (plaintiffs must specifically plead that the named defendant is "individually associated with the alleged fraud, other than by virtue of their position within" the company, and complaint fails to plead scienter insofar as it relies on allegations "that 'Defendants' as a general group engaged in [] inappropriate activities"); *In re Par Pharm. Sec. Litig.*, No. 06-cv-3226 (PGS), 2008 WL 2559362, *10-11 (D.N.J. June 24, 2008) ("Each individual's participation and scienter must be pled separately and with particularity" and a separate section of the brief labeled "Additional Scienter Allegations" just gave "more examples of group pleading and inadequate broad brush statements"); *Rahman*, 736 F.3d at 245 (it is not enough to "offer[] little more than generalized allegations with few specifics and even less concrete support"); *Bartesch v. Cook*, 941 F. Supp. 2d 501, 510-511 (D. Del. 2013) (it is insufficient when "the allegations generally refer to 'defendants' or 'company executives.'

4

The Third Circuit has explicitly rejected such 'group pleading' as incompatible with the PSLRA's requirement[.]").

Plaintiffs' scienter allegations specifically against Jorn boil down to nothing more than the following: Jorn was an executive and Jorn knew that dermatology products were sold through Philidor. That is not enough. "[C]obbling together a litany of inadequate allegations does not render those allegations particularized in accordance with . . . the PSLRA." *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 713 F. Supp. 2d 378, 386 (D. Del. 2010) (quoting *Cal. Pub. Emps' Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 155 (3d Cir. 2004)), *aff'd,* 442 F. App'x 672 (3d Cir. 2011).

Under clear Third Circuit precedent, simply being an executive is not enough to establish scienter in the PSLRA era. *See In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999) (citation omitted) ("[A]llegations that a securities-fraud defendant, because of his position within the company, 'must have known' a statement was false or misleading are 'precisely the types of inferences which [courts], on numerous occasions, have determined to be inadequate to withstand Rule 9(b) scrutiny'."). For example, in *In re Merck and Co., Inc. Securities, Derivative & "ERISA" Litig.*, MDL No. 1658 (SRC), Civ. Action Nos. 05–1151 (SRC), 05–2367(SRC), 2012 WL 3779309 (D.N.J. Aug. 29, 2012), the allegations focused on an alleged cover-up of the medical side effects of one of Merck's most profitable drugs. Yet the case against the head of Merck's research laboratories—the very department in charge of scientific studies and monitoring drug side effects—was dismissed. The court stated:

> [T]here is no allegation in the Class Action Complaint that [research laboratories head] Kim was in fact aware of the adverse CV data during his time as the president of the research laboratories, or that suggests that he was reckless in failing to discover it. Instead, Plaintiffs make the conclusory assertion that given [Kim's] position and expertise, Kim was reckless in failing to discover the fraud.

*Id.* at *11. Mere position was not enough in that case and it is not enough here.

5

Likewise, the Third Circuit has already held that a "CEO visit[ing] a subsidiary's premises to meet with its president will not establish that the CEO had knowledge of illegal activities at the subsidiary." *Rahman*, 736 F.3d at 245.  Accordingly, Jorn's knowledge that dermatology products were sold through Philidor does not establish any knowledge or extreme departure from the standards of ordinary care on the part of Jorn.  *Cf. id.*

The only other fact that the Actions include pertaining to Jorn is that she left Valeant. But "[t]he Third Circuit and other courts have found resignations of key officers to be insufficient to show that they acted with the requisite scienter to commit the alleged fraud." *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, No. 13-7050, 2017 WL 1536223, at *20 (D.N.J. Apr. 27, 2017) (citations omitted); *see also Messner v. United States Techs., Inc.*, No. 15-5427, 2016 WL 1466543, *10-11 (E.D. Pa. Apr. 13, 2016).

Moreover, while the Class Action complaint included a misleading statement regarding her compensation (Class Compl. ¶ 39),  the complaints here do not even have that.  The Actions' scienter-related allegations against Jorn are therefore even weaker than the already-inadequate allegations on that point in the Class Action.

Courts in this Circuit dismiss claims against individual defendants—while allowing a complaint against a company and other individual defendants to proceed—when Plaintiffs have not pled scienter with regard to certain individual defendants.  *See*, *e.g.*, *In re Merck & Co., Sec., Derivative & "ERISA" Litig.*, 2011 WL 344199, at *38 (dismissing a 10(b) charge against many of a company's senior executives, including its CEO and the head of its research laboratories, because of plaintiffs' failure to plead scienter with regard to those defendants, while allowing plaintiffs' claims against two other individuals and the company to survive); *Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-CV-00993, 2016 WL 7117455, at *22

(M.D. Pa. Dec. 7, 2016) (granting a motion to dismiss as to four individual defendants "absent any allegation as to how they would have known [that] the challenged representations were false and/or misleading at the time they were made," but denying the motion as to three other defendants and the company).  A dismissal is therefore warranted here.

## CONCLUSION

For all of the foregoing reasons, the Actions should be dismissed in their entirety, with prejudice, as to Deborah Jorn.

Dated: New York, New York  
June 16, 2017

SCHULTE ROTH & ZABEL LLP

By: /s/ Cara David
  Barry A. Bohrer (admitted *pro hac vice*)*
  Michael L. Yaeger (admitted *pro hac vice*)*
  Cara David

919 Third Avenue
  New York, NY  10022
  (212) 756-2000

*Attorneys for Defendant Deborah Jorn*

7